Filed 8/26/14  Vietnamese-American Community etc. v. City of San Jose CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| VIETNAMESE-AMERICAN COMMUNITY OF NORTHERN CALIFORNIA, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> CITY OF SAN JOSE, et al., <br><br> Defendants and Respondents. | H037748 <br> (Santa Clara County <br> Super. Ct. No. CV107082) |

## I.  INTRODUCTION

Appellant Vietnamese-American Community of Northern California (VACNORCAL) filed a second amended complaint alleging in the first cause of action that respondents City of San Jose (City), the City Council, and the San Jose Redevelopment Agency (hereafter, collectively defendants) had violated the Ralph M. Brown Act (Gov. Code, § 54950[1] et seq.; hereafter, the Brown Act) and seeking injunctive and declaratory relief.  In the second cause of action, VACNORCAL sought

---

[1] All statutory references hereafter are to the Government Code unless otherwise indicated.

injunctive and declaratory relief for violation of the California Public Records Act (§ 6250 et seq.)

The trial court denied VACNORCAL's motion for summary adjudication of the first cause of action for violation of the Brown Act and granted defendants' competing motion for summary adjudication of the first cause of action. The second cause of action for violation of the California Public Records Act proceeded to a court trial.

On appeal, VACNORCAL argues that the trial court erred by denying VACNORCAL's motion for summary adjudication and granting defendants' motion for summary adjudication of the first cause of action because the evidence shows that defendants violated the Brown Act on multiple occasions when City Council members conducted serial communications outside of a public meeting with respect to an action to be taken by City Council. No issues are raised in this appeal as to the judgment entered pursuant to the trial court's statement of decision on the second cause of action for violation of the California Public Records Act.

For the reasons stated below, we conclude that (1) the trial court did not err in denying VACNORCAL's motion for summary adjudication of the first cause of action for violation of the Brown Act; and (2) the trial court should not have granted defendants' motion for summary adjudication of the first cause of action for violation of the Brown Act. We will therefore reverse the judgment with directions to the trial court to enter a new order denying defendants' motion for summary adjudication.

## II.  FACTUAL BACKGROUND

Our factual summary is drawn from the parties' separate statements of fact and the evidence they submitted in connection with their motions for summary judgment.

In early 2007, San Jose City Council member Madison Nguyen began working on a project to designate an area on Story Road as a Vietnamese business district. The name for the proposed Vietnamese business district was the subject of controversy in the City's Vietnamese-American community.

2

During the summer of 2007, Nguyen had a conversation with City Council member Forrest Williams during a chance encounter. According to VACNORCAL, Williams told Nguyen during that conversation that he supported her with respect to the Vietnamese business district project. Williams and Nguyen deny that their conversation included a discussion of the proposed Vietnamese business district.

Sometime before November 15, 2007, Nguyen and four other members of the 11-member City Council,[2] including Mayor Chuck Reed, David Cortese, Sam Liccardo, and Judy Chirco, agreed to support Nguyen's proposal for the creation of a Vietnamese business district that would be known as the Saigon Business District. At the City Council meeting held on November 20, 2007, the City Council adopted Resolution No. 74127, which recognized an area on Story Road as a Vietnamese retail area to be called the Saigon Business District. The City Council's actions at the November 20, 2007 meeting also included approval of Nguyen's memorandum regarding the Vietnamese business district proposal and direction to staff regarding the placement of signage for the Saigon Business District.

More than two months later, on January 30, 2008, VACNORCAL submitted a letter to Mayor Reed and the City Council stating that it supported the creation of a Vietnamese business district but opposed the name Saigon Business District. VACNORCAL also asserted that City Council had violated the Brown Act: "The discussion of the creation and naming of the [Saigon Business District] and the adoption of Resolution No. 74127 violated the [Brown Act]. In particular, they violated Government Code sections 54952.2 and 54953. [¶] Prior to the City Council meeting on November 20, 2007, members of the City Council engaged in a series of communications involving a majority of the members of the City Council, in an effort to develop a

---

[2] On our own motion, we take judicial notice of the facts that the San Jose City Council consists of 11 members and therefore 6 members constitutes a majority. (Evid. Code, § 452, subd. (h); San Jose City Charter, art. III, § 401(a).)

3

collective concurrence as to [the] action to be taken on the creation and naming of the [Saigon Business District]. [¶] . . . [¶] Therefore, VACNORCAL respectfully requests that the City take immediate action to cure and correct those violations, by rescinding Resolution No. 74127 and taking any future actions with regard to a Vietnamese retail area in accordance with the Brown Act."

At the City Council meeting held on March 4, 2008, the City Council rescinded Resolution No. 74127. The City Council also recognized widespread support for the name Little Saigon, approved a motion to adopt no name, and resolved that the name of any future business district would be decided by the members of that district.

## III. PROCEDURAL BACKGROUND

### A. *The Second Amended Complaint*

The currently operative pleading is the second amended complaint (hereafter, the complaint) filed by VACNORCAL in August 2008. In its verified complaint, VACNORCAL describes itself as "a membership organization that represents Vietnamese-Americans in Northern California." Some of VACNORCAL's members "reside or work in . . . the area along Story Road that has been and is being considered for designation as a Vietnamese-American destination retail business district." The named defendants included the City of San Jose (City), City Council, and the San Jose Redevelopment Agency.

In the first cause of action for injunctive and declaratory relief for violation of the Brown Act, VACNORCAL asserted that the City and the City Council had violated the Brown Act by obtaining the concurrence of a majority of City Council members to create the Saigon Business District through a series of communications outside of a noticed public meeting. Specifically, VACNORCAL alleged that "[t]he oral agreement between Councilmembers Madison Nguyen and Forrest Williams together with the written concurrence of four other council members as evidenced in the November 15, 2007 memo constituted the majority necessary for the City Council's approval of Resolution

4

[No.] 74127." VACNORCAL also alleged that the Brown Act was violated by the circulation of the November 15, 2007 memo to other members of City Council in an attempt to obtain a concurrence of a majority of City Council members outside of a noticed public meeting.

Although the City Council voted during its March 4, 2008 meeting to rescind Resolution No. 74127, VACNORCAL asserted that the City refused to acknowledge that it had violated the Brown Act and had failed to cure and correct its violation within 30 days as required by the Brown Act.

VACNORCAL also asserted that the City had a pattern of similar past violations of the Brown Act, including (1) in 2002, a majority of City Council members discussed the proposed redevelopment of the Tropicana Shopping Center prior to the City Council meeting at which the proposal was approved; (2) in 2007, a majority of City Council members discussed a proposal to renovate Fire Station No. 2 outside of a City Council meeting; and (3) in 2008, the Mayor's chief budget aide met privately with a majority of City Council members to discuss the Mayor's budget proposals prior to a City Council meeting at which the proposals were discussed. VACNORCAL asserts that the City has failed to acknowledge these Brown Act violations.

In its second cause of action, VACNORCAL sought injunctive and declaratory relief for defendants' alleged violation of the California Public Records Act. A court trial on the second cause of action was held in January 2011 and a judgment pursuant to the trial court's August 12, 2011 statement of decision was entered on October 11, 2011. No issue regarding the second cause of action for violation of the California Public Records Act is raised in the present appeal and we will not address it further.

**B. *VACNORCAL's Motion for Summary Judgment***

In December 2009, VACNORCAL brought a motion for summary judgment or, in the alternative, summary adjudication. As to the first cause of action for injunctive and declaratory relief for violation of the Brown Act, VACNORCAL argued that the

5

undisputed facts showed that defendants had violated the open meeting provisions of the Brown Act (§ 54950) because a majority of the City Council had engaged in serial communications on public business outside of a public meeting.

According to VACNORCAL, the unlawful serial communication regarding the Vietnamese business district was comprised of two instances of communication between City Council members: (1) the conversation between City Council members Nguyen and Williams during their encounter in the summer of 2007, where Williams told Nguyen that he supported her with respect to the Vietnamese business district project; and (2) the pre-November 15, 2007 discussion and agreement between Nguyen and four different City Council members to support Nguyen's proposal for the creation of the Saigon Business District. VACNORCAL asserted that as a result of these two communications, "by November 14, 2007 six members of the City Council had discussed the Vietnamese business district project, and had agreed to support it. As a result, when the City Council again met as the board of the [Redevelopment Agency] to vote on the Vietnamese business district proposal on November 20, 2007 [citation], the outcome was a foregone conclusion. That is a violation of the Brown Act."

Defendants also violated the Brown Act (§ 54960.1, subds. (b), (c)) in connection with the proposed Vietnamese business district, VACNORCAL argued, by failing to rescind all of the actions that had been taken at the November 20, 2007 City Council meeting within 30 days of VACNORCAL's January 30, 2008 letter to City Council.

VACNORCAL further argued that the undisputed facts showed that defendants had a practice of violating the open meeting provisions of the Brown Act by engaging in serial communications. According to VACNORCAL, the past violations included the following: (1) before the November 28, 2000 City Council meeting, Mayor Ron Gonzales communicated with a majority of City Council members regarding his opposition to the Calpine power plant project, through a conversation with one City Council member that was followed by the Mayor and four other City Council members

6

signing a memorandum opposing the project; (2) before the June 25, 2002 City Council meeting approving redevelopment of the Tropicana Shopping Center, two City Council members had discussed the project, and three other City Council members and Mayor Gonzales had discussed the project and agreed to support it; and (3) before the September 25, 2007 City Council meeting, City Council member Nora Campos spoke to Mayor Reed and another City Council member who indicated their support of the reconstruction of Fire Station No. 2, and City Council member Nora Campos and three other members signed a memorandum in support of the project.

Defendants opposed VACNORCAL's motion on the grounds that declaratory relief is not available where, as here, the plaintiff seeks a declaration that past legislative actions violated the Brown Act. Alternatively, defendants argued that it could not be determined as a matter of law that the acts relied on by VACNORCAL constituted prior Brown Act violations.

Defendants also pointed out that there was a factual dispute as to whether the conversation between City Council members Nguyen and Williams during their brief encounter in the summer of 2007 actually included Williams' statement of his support for the Vietnamese business district proposal. Defendants further contended that the evidence concerning the 2000 Calpine power plant project and the 2002 Tropicana Shopping Center redevelopment was inadmissible because it was too remote in time, and the Brown Act was not violated with respect to Fire Station No. 2 since City Council members did not reach a collective concurrence on that project.

Additionally, defendants argued that the alleged Brown Act violations were insufficient to constitute a pattern or practice of improper serial communications by City Council and there was no evidence of ongoing violations of the Brown Act.

**C.** *City's Motion for Summary Judgment*

Defendants filed a competing motion for summary judgment or, in the alternative, summary adjudication in December 2009. Their argument that the first cause of action

7

for injunctive and declaratory relief for Brown Act violations lacked merit as a matter of law was similar to the argument they had made in opposition to VACNORCAL's motion for summary adjudication.

Defendants argued that section 54960 does not authorize a determination of whether past legislative acts constituted Brown Act violations. Although defendants recognized that section 54960 allowed the court to enjoin a present or threatened Brown Act violation, defendants argued there was no evidence that any action by defendants constituted a present or threatened violation. They explained that VACNORCAL's allegations of past Brown Act violations were insufficient because the allegations concerned "isolated incidents of past acts" that were unrelated to any "specific *ongoing* City policies or practices." According to defendants, "VACNORCAL simply alleges that in isolated instances, certain Councilmembers, or in one case a mayoral staff member, engaged in past conduct that purportedly violated the Brown Act."

In opposition to defendants' motion for summary judgment, VACNORCAL argued that the language of section 54960 is properly construed to permit an action based upon past Brown Act violations. VACNORCAL also argued that past Brown Act violations can support a claim for injunctive relief because there is a presumption that illegal acts will continue where, as here, the defendant has refused to admit its Brown Act violations.

**D.** *The Trial Court's Order*

In its February 16, 2010 order, the trial court denied VACNORCAL's motion for summary adjudication of the first cause of action and granted defendants' motion for summary adjudication of the first cause of action.

In so ruling, the trial court determined that "[t]he [second amended complaint] alleges and City Council demonstrates that City Council's alleged use of a series of communications to deliberate on an item of business within the subject matter jurisdiction of the City Council was cured by its rescinding of Resolution No. 74127 on March 4,

8

2008. The [second amended complaint] does not allege—and [VACNORCAL] did not request City Council to cure—any other past violation of the Brown Act that occurred prior to the March 4, 2008 meeting. The Brown Act does not require . . . a party to publicly admit to any violation. The City's failure to cure its violation within 30 days is a 'one-time past offense' that is unrelated to a present or future violation. [VACNORCAL] has not clearly demonstrated that City and City Council have committed past actions and violations that are related to present or future ones, or that City and City Council's alleged violations are likely to recur. Accordingly, [VACNORCAL] is not entitled to injunctive or declaratory relief pursuant to [section] 54960, subdivision (a). [Citations.]"

Pursuant to the trial court's February 16, 2010 order, the October 11, 2011 judgment included the entry of judgment in defendant's favor on the first cause of action for violation of the Brown Act. VACNORCAL filed a timely notice of appeal from the judgment.

## IV. DISCUSSION

On appeal, VACNORCAL argues that the trial court erred in (1) denying its motion for summary adjudication of the first cause of action for injunctive and declaratory relief for violation of the Brown Act, and (2) granting defendants' motion for summary adjudication of the first cause of action. Before addressing VACNORCAL's contentions, we will outline the standard of review for an order granting a motion for summary judgment or summary adjudication.

### A. *The Standard of Review*

The standard of review for an order granting a motion for summary judgment is de novo. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 860 (*Aguilar*).) The trial court's stated reasons for granting summary judgment are not binding on the reviewing court, "which reviews the trial court's ruling, not its rationale. [Citation.]" (*Ramalingam v. Thompson* (2007) 151 Cal.App.4th 491, 498.)

9

In performing our independent review, we apply the same three-step process as the trial court. "Because summary judgment is defined by the material allegations in the pleadings, we first look to the pleadings to identify the elements of the causes of action for which relief is sought." (*Baptist v. Robinson* (2006) 143 Cal.App.4th 151, 159 (*Baptist*).) "We then examine the moving party's motion, including the evidence offered in support of the motion." (*Baptist*, *supra*, 143 Cal.App.4th at p. 159.) "Summary judgment is proper if all the papers submitted show that there is no issue requiring a trial as to any fact that is necessary under the pleadings. [Citations.] In such a case the moving party is entitled to judgment as a matter of law. [Citation.]" (*Ibid.*)

A plaintiff moving for summary judgment "bears the burden of persuasion that 'each element of' the 'cause of action' in question has been 'proved,' and hence that 'there is no defense' thereto. [Citation.]" (*Aguilar*, *supra*, 25 Cal.4th at p. 850; Code Civ. Proc. § 437c, subd. (p)(1).) "Once the plaintiff . . . has met that burden, the burden shifts to the defendant . . . to show that a triable issue of one or more material facts exists as to that cause of action or a defense thereto. The defendant . . . may not rely upon the mere allegations or denials of its pleadings to show that a triable issue of material fact exists but, instead, shall set forth the specific facts showing that a triable issue of material fact exists as to that cause of action or a defense thereto." (Code Civ. Proc. § 437c, subd. (p)(1).)

A defendant moving for summary judgment has the initial burden of showing that a cause of action lacks merit because one or more elements of the cause of action cannot be established or there is a complete defense to that cause of action. (Code Civ. Proc., § 437c, subd. (o); *Aguilar, supra*, 25 Cal.4th at p. 850.) If the defendant fails to make this initial showing, it is unnecessary to examine the plaintiff's opposing evidence and the motion must be denied. However, if the moving papers make a prima facie showing that justifies a judgment in the defendant's favor, the burden shifts to the plaintiff to make a

prima facie showing of the existence of a triable issue of material fact. (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar, supra*, 25 Cal.4th at p. 849.)

In determining whether the parties have met their respective burdens, "the court must 'consider all of the evidence' and 'all' of the 'inferences' reasonably drawn therefrom [citation], and must view such evidence [citations] and such inferences [citations], in the light most favorable to the opposing party." (*Aguilar, supra*, 25 Cal.4th at p. 843.) "There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." (*Id.* at p. 850, fn. omitted.) Thus, a party " 'cannot avoid summary judgment by asserting facts based on mere speculation and conjecture, but instead must produce admissible evidence raising a triable issue of fact. [Citation.]' [Citation.]" (*Dollinger DeAnza Associates v. Chicago Title Ins. Co.* (2011) 199 Cal.App.4th 1132, 1144-1145.)

We next turn to an overview of the pertinent provisions of the Brown Act.

**B.** *The Brown Act*

The Brown Act expressly provides that it is the intent of the Act that the actions of local legislative bodies "be taken openly and that their deliberations be conducted openly." (§ 54950.) The meetings of local legislative bodies are addressed in section 54953, subdivision (a) which states: "All meetings of the legislative body of a local agency shall be open and public, and all persons shall be permitted to attend any meeting of the legislative body of a local agency, except as otherwise provided in this chapter."

Thus, as this court has stated, the Brown Act "provides for open meetings for local legislative bodies such as city councils, boards of supervisors and school boards. (§ 54952, subd. (a).) With certain specific exceptions where government has demonstrated a need for confidentiality [citations], the Act has been interpreted to mean

11

that all of the deliberative processes by legislative bodies must be open and available for public scrutiny." (*Ingram v. Flippo* (1999) 74 Cal.App.4th 1280, 1287 (*Ingram*).)

During the time period relevant to this case (2000-2007), the Brown Act "prohibit[ed] the use of 'direct communication, personal intermediaries, or technological devices' employed by a *majority* of members 'to develop a *collective concurrence* as to action to be taken on an item.' ([former] § 54952.2, subd. (b)[3].) The Brown Act define[ed] 'action taken' as 'a collective decision made by a majority of the members of a legislative body, a collective commitment or promise by a majority of the members of a legislative body to make a positive or a negative decision, or an actual vote by a majority of the members of a legislative body when sitting as a body or entity, upon a motion, proposal, resolution, order or ordinance.' (§ 54952.6.)" (*Regents of University of California v. Superior Court* (1999) 20 Cal.4th 509, 539-540 (*Regents*), italics added.)

"To assist in enforcement of the open meeting laws, the Act provides for criminal penalties and civil injunctive or declaratory relief. (§§ 54959, [former] 54960.)" (*Ingram*, *supra*, 74 Cal.App.4th at p. 1287.) Former section 54960, subdivision (a) provided in pertinent part: "The district attorney or any interested person may commence an action by mandamus, injunction or declaratory relief for the purpose of stopping or preventing violations or threatened violations . . . by members of the legislative body . . . or to determine the applicability of [the Act] to actions or threatened future action of the legislative body. . . ."

---

**3** Section 54952.2 was revised in 2008 in accordance with the Legislature's disapproval of the holding in *Wolfe v. City of Fremont* (2006) 144 Cal.App.4th 533, 545, fn. 6 "to the extent that it construes the prohibition against serial meetings by a legislative body of a local agency, as contained in the Ralph M. Brown Act (Chapter 9 (commencing with Section 54950) of Part 1 of Division 2 of Title 5 of the Government Code, to require that a series of individual meetings by members of a body actually result in a collective concurrence to violate the prohibition rather than also including the process of developing a collective concurrence as a violation of the prohibition." (Stats.2008, ch. 63, § 1.)

12

## C. *VACNORCAL's Motion for Summary Adjudication*

### 1. The Parties' Contentions

We understand VACNORCAL to contend on appeal that its motion for summary adjudication of the first cause of action for injunctive and declaratory relief should have been granted. According to VACNORCAL, it is entitled to declaratory relief because there is an actual, present controversy as to whether a violation of the Brown Act has occurred with respect to the Vietnamese business district project, since the City has denied that a violation occurred and has defended this lawsuit. VACNORCAL also contends that it is entitled to injunctive relief as a matter of law because "future violations are likely based on the City's refusal to admit that its behavior constituted a Brown Act violation" and it has "clearly alleged that a pattern and practice of Brown Act violations exists within the City."

Defendants respond that summary adjudication of the cause of action for declaratory relief was properly denied because VACNORCAL failed to prove that defendants had violated the open meeting provisions of the Brown Act with respect to the Vietnamese business district project, since there is a triable issue of fact as to whether Councilmember Williams expressed support for the Vietnamese business district project during his brief encounter with Councilmember Nguyen prior to the November 20, 2007 City Council vote on the project.

Defendants further argue, relying on the decision in *Shapiro v. San Diego City Council* (2002) 96 Cal.App.4th 904 (*Shapiro*), that VACNORCAL failed to prove with undisputed facts that a series of past violations of the Brown Act's opening meeting provisions had occurred that are related to present or future Brown Act violations or that showed on ongoing procedure, and therefore declaratory relief is not warranted.

### 2. Declaratory Relief

" 'The fundamental basis of declaratory relief is the existence of an *actual, present controversy* over a proper subject.' [Citation.]" (*City of Cotati v. Cashman* (2002)

13

29 Cal.4th 69, 79; Code Civ. Proc., § 1060.)  Thus, " '[d]eclaratory relief operates prospectively to declare future rights, rather than to redress past wrongs. [Citation.]' [Citations.]"  (*County of San Diego v. State of California* (2008) 164 Cal.App.4th 580, 607.)  The Brown Act provides that an action for declaratory relief may be brought to, among other things, "determine the applicability of this chapter to actions or threatened future action of the legislative body. . . ."  (§ 54960, subd. (a).)

A cause of action for declaratory relief may be summarily adjudicated.  "If justiciable issues are presented which can be disposed of as a matter of law, they should be resolved by summary judgment with an express declaration of the rights of the parties. [Citations.]"  (*City of Tiburon v. Northwestern Pac. R. R. Co.* (1970) 4 Cal.App.3d 160, 172, fn. 5 (*City of Tiburon*).)

The parties disagree as to whether declaratory relief is available under the Brown Act with regard to a past violation.  VACNORCAL relies on the decisions in *California Alliance for Utility Etc. Education v. City of San Diego* (1997) 56 Cal.App.4th 1024 and *Frazer v. Dixon Unified School Dist.* (1993) 18 Cal.App.4th 781 in arguing that it is sufficient to allege that a past violation of the Brown Act has occurred.  Defendants reject this contention on the ground that the California Supreme Court in *Regents, supra,* 20 Cal.4th at p. 526 construed language in section 11130, subdivision (a) that was identical to language in former section 54960, subdivision (a), and determined that the statute provided a right of action under the Bagley–Keene Open Meeting Act (§ 11120 et seq.) only as to present and future violations, and not past violations.

We need not decide the issue, however.[4]  Even assuming that past Brown Act violations are properly the subject of an action for declaratory relief under former section

---

[4] The Legislature amended section 54960, effective January 1, 2013, to expressly provide that declaratory and injunctive relief may be sought "to determine the applicability of this chapter to past actions of the legislative body . . . ."  (Stats.2012, ch. 732, § 1.)

54960, subdivision (a), we determine that summary adjudication is precluded in this case because VACNORCAL has not met its burden to show as a matter of law, based on the undisputed facts, that there is a present, justiciable controversy under the Brown Act. (See *City of Tiburon*, *supra*, 4 Cal.App.3d at p. 172.)

To the contrary, VACNORCAL's motion for summary adjudication shows that the present controversy in this case is a factual dispute. The parties dispute whether a majority of City Council members reached a collective concurrence approving the Vietnamese business district project prior to the November 20, 2007 City Council meeting, in violation of former section 54952.2, subdivision (b), which "prohibit[ed] the use of 'direct communication, personal intermediaries, or technological devices' employed by a *majority* of members 'to develop a *collective concurrence* as to action to be taken on an item.' " (*Regents, supra,* 20 Cal.4th at pp. 539-540, italics added.)

The dispute has arisen due to the underlying factual dispute regarding whether the conversation between Councilmembers Nguyen and Williams during their chance encounter in the summer of 2007 included Williams' express support of the Vietnamese business district project. Due to that factual dispute, VACNORCAL has not shown as a matter of law that a total of six City Council members—a majority—developed a collective concurrence approving the Vietnamese business district project in violation of former section 54952.2, subdivision (b).

Moreover, it is undisputed that the City Council rescinded Resolution No. 74127 approving the creation of a Vietnamese business district to be named the Saigon Business district. There is no evidence that defendants deny that in 2007 a Brown Act violation under former section 54952.2, subdivision (b) would have occurred if a majority of council members had reached a collective concurrence approving the Vietnamese business district project as alleged by VACNORCAL.

Accordingly, since the court does not resolve factual disputes on a motion for summary adjudication (Code Civ. Proc., § 437c, subd. (c)), there is no justiciable

15

controversy that may be resolved as a matter of law regarding whether City Council members' communications regarding the creation of the Vietnamese business district violated former section 54952.2, subdivision (b) of the Brown Act.

Similarly, we cannot determine as a matter of law on this record that defendants have a pattern and practice of violating the Brown Act, based on City Council members' communications regarding the Calpine project in 2000, the Tropicana Shopping Center project in 2002, or the Fire Station No. 2 project in 2007, that warrants declaratory relief under section 54960, subdivision (a). Even assuming, without deciding, that declaratory relief is available where a pattern and practice of violating the Brown Act is alleged, there is no justiciable controversy in this case that can be disposed of as a matter of law because the actual, present controversy is a factual dispute regarding the communications between City Council members about those three projects.

Finally, we determine that VACNORCAL has not shown, as a matter of law, that declaratory relief is warranted because defendants failed to respond to VACNORCAL's January 30, 2008 letter to the Mayor and City Council, which demanded that they cure or correct a Brown Act violation concerning the vote to approve the Saigon Business District by rescinding Resolution No. 74127, within 30 days as required by section 54960.1.

Section 54960.1, subdivision (c)(2) and (3) provide: "Within 30 days of receipt of the demand, the legislative body shall cure or correct the challenged action and inform the demanding party in writing of its actions to cure or correct or inform the demanding party in writing of its decision not to cure or correct the challenged action. [¶] If the legislative body takes no action within the 30-day period, the inaction shall be deemed a decision not to cure or correct the challenged action, and the 15-day period to commence the action described in subdivision (a) shall commence to run the day after the 30-day period to cure or correct expires."

16

Here, it is undisputed that defendants cured or corrected the alleged Brown Act violation as requested by rescinding Resolution No. 74127 on March 4, 2008, which was more than 30 days after VACNORCAL's January 30, 2008 demand letter. VACNORCAL has not shown that defendants dispute the applicability of section 54960.1, subdivision (c)(1) to its actions.

Accordingly, VACNORCAL has not shown as a matter of law that there is an actual, present controversy regarding the timeliness of defendants' cure or correct actions that warrants declaratory relief under section 54960.

### 3. Injunctive Relief

VACNORCAL contends that injunctive relief should have been granted because "future violations are likely based on the City's refusal to admit that its behavior constituted a Brown Act violation" and because it has "clearly alleged that a pattern and practice of Brown Act violations exists within the City."

Defendants maintain that summary adjudication was properly denied because VACNORCAL "has not proved with undisputed facts any violation of the open meeting provisions of the Brown Act, let alone a series of violations related to an 'ongoing procedure,' as is required to support declaratory or injunctive relief under [s]ection [54960]." We agree.

Former section 54960, subdivision (a) provided that injunctive relief was available " 'for the purpose of stopping or preventing violations or threatened violations of' " the Brown Act. Additionally, it has been held that "the Brown Act authorizes injunctive relief that is based on, in relevant part, a showing of '*past actions and violations that are related to present or future ones*,' " and therefore the trial court may enjoin "future such actions and violations." (*Shapiro*, *supra*, 96 Cal.App.4th at p. 917.)

As we have discussed, VACNORCAL has not shown that as a matter of law, based on undisputed facts, that defendants committed past Brown Act violations under former section 54952.2, subdivision (b), which "prohibit[ed] the use of 'direct

17

communication, personal intermediaries, or technological devices' employed by a *majority* of members 'to develop a *collective concurrence* as to action to be taken on an item.' " (Italics added.) Consequently, we also determine that VACNORCAL has not shown that as a matter of law, based on undisputed facts, that injunctive relief is warranted because there are ongoing Brown Act violations or that future Brown Act violations are threatened due to defendants' past Brown Act violations.

For these reasons, we conclude that the trial court did not err in denying VACNORCAL's motion for summary adjudication of the first cause of action for injunctive and declaratory relief for violation of the Brown Act.

**D. *Defendants' Motion for Summary Adjudication***

VACNORCAL argues that the trial court erred in granting defendants' motion for summary adjudication of the first cause of action for injunctive and declaratory relief for violation of the Brown Act by ruling that since VACNORCAL's motion for summary adjudication was denied, defendant's motion must be granted.

Defendants do not provide a separate argument in support of the trial court's order, asserting only that "even when the evidence is viewed in a light most favorable to [VACNORCAL], it is insufficient to support [VACNORCAL's] claim. The Superior Court properly granted summary judgment in favor of [defendants] on [VACNORCAL's] Brown Act cause of action."

Having independently reviewed defendants' motion for summary adjudication, for reasons that we will explain we determine that defendants did not meet their initial burden to show that one or more elements of the Brown Act cause of action cannot be established or there is a complete defense to that cause of action. (Code Civ. Proc., § 437c, subd. (o); *Aguilar, supra*, 25 Cal.4th at p. 850.)

Defendants' separate statement of undisputed facts in support of its motion consists in its entirety of the following: "1. VACNORCAL supports its position that the City has a pattern of similar past violations of the Brown Act by citing to the private

18

meetings by the Mayor's budget aide with members of the Council prior to a Council meeting on February 12, 2008. [¶] 2. VACNORCAL supports its position that the City has a pattern of similar past violations of the Brown Act by citing to the City's vote on the naming of the Vietnamese business district on November 20, 2007. [¶] 3. VACNORCAL supports its position that the City has a pattern of similar past violations of the Brown Act by citing to the City's vote on whether to renovate Fire Station 2 on September 25, 2007. [¶] 4. VACNORCAL supports its position that the City has a pattern of similar past violations of the Brown Act by citing to the City's vote to redevelop the Tropicana Shopping Center in June 2002. [¶] 5. None of the past actions cited by VACNORCAL to support its position that the City Council has committed Brown Act violations in the past are related to any present or future actions of the City Council."

In its response, VACNORCAL agreed that statement nos. 1 through 4 in defendants' separate statement were undisputed. However, VACNORCAL disputed statement no. 5 on the grounds that it was a legal conclusion, not a statement of fact, and the evidence offered by defendants did not support it.

We find that defendants' separate statement of undisputed facts and supporting evidence were insufficient to meet its burden on summary adjudication. The California Supreme Court instructed in *Kahn v. East Side Union High School Dist.* (2003) 31 Cal.4th 990 (*Kahn*) that "[w]hen the defendant moves for summary judgment, in those circumstances in which the plaintiff would have the burden of proof by a preponderance of the evidence, the defendant must present evidence that would preclude a reasonable trier of fact from finding that it was more likely than not that the material fact was true [citation], or the defendant must establish that an element of the claim cannot be established, by presenting evidence that the plaintiff 'does not possess and cannot reasonably obtain, needed evidence.' [Citation.]" (*Id*. at p. 1003.)

19

Here, defendants did not present any evidence to show that VACNORCAL does not possess, and cannot reasonably obtain, evidence that the past actions "cited" by VACNORCAL "support its position that the City Council has committed Brown Act violations in the past [that] are related to any present or future actions of the City Council." The only evidence submitted by defendants in support of this statement (statement no. 5) was VACNORCAL's response to defendants' special interrogatory no. 23. However, VACNORCAL's answer to interrogatory no. 23 states, among other things, that "[d]efendants have violated the Brown Act numerous times in the past by obtaining a concurrence of a majority of the San Jose City Council outside of any noticed public meeting." VACNORCAL's answer also references the factual allegations in its verified complaint that communications had taken place between a majority of City Council members that constituted a concurrence regarding approval of the Vietnamese business district.

Thus, VACNORCAL's answer to special interrogatory no. 23 asserted that City Council members had continued to violate the Brown Act (former § 54952.2, subd. (b)) because on several occasions a majority of City Council members had engaged in serial communications in which a collective concurrence was obtained. Since defendants depended on VACNORCAL's answer to special interrogatory no. 23 in moving for summary adjudication, we determine that defendants' motion did not provide evidence to show that the first cause of action for Brown Act violations lacks merit as a matter of law. (See *Kahn*, *supra*, 31 Cal.4th at p. 1003.)

Consequently, because defendants did not meet their initial burden on summary adjudication to show that the first cause of action for violation of the Brown Act lacked merit as a matter of law (*Aguilar, supra*, 25 Cal.4th at p. 850), we conclude that the trial court erred in granting defendants' motion for summary adjudication of that cause of action.

20

**E.** *Conclusion*

We conclude that the trial court did not err in denying VACNORCAL's motion for summary adjudication of the first cause of action for violation of the Brown Act, since there are triable questions of material fact regarding the actions of City Council members that VACNORCAL alleges constitute Brown Act violations. We also conclude that the trial court should not have granted defendants' motion for summary adjudication of the first cause of action because defendants did not meet their initial burden to show as a matter of law that the first cause of action lacks merit. We will therefore reverse the judgment with directions to the trial court to enter a new order denying defendants' motion for summary adjudication.

## V.  DISPOSITION

The judgment is reversed and the matter is remanded to the trial court with directions to vacate its February 16, 2010 order granting summary adjudication of the first cause of action for violation of the Brown Act and to enter a new order denying summary adjudication of the first cause of action. The parties shall bear their own costs on appeal.

21

_____

BAMATTRE-MANOUKIAN, ACTING P.J.




WE CONCUR:






_____

MÁRQUEZ, J.






_____

GROVER, J.